## UNION INDEMNITY CO v GIBSON

Ohio Appeals, 4th Dist, Lawrence Co.

Decided Nov. 21, 1928.

A. R. Johnson, Ironton, for Ind. Co.
E. E. Corn and James Collier, Ironton, for Gibson.

It will be observed that the petition

aforesaid attempts to assert three items of damage. First, attorney fees amounting to $100.00. This item is not disputed in this proceeding. Second, Gibson's claim of $10.00 a day for ten days is not questioned except as to the amount, and third, the claim for $1360.00 which it is contended here is an item that under the facts may not be considered as a legal claim. It is urged by the indemnity company that under the evidence in support of this claim there is no legal liability on the part of Gibson to pay the contractor this amount of $1360.00 or any part thereof. In other words that Gibson was not under any legal liability to the party with whom he contracted for the reason that there was no default on Gibson's part and that the sole and only reason for his failure to complete the contract was due to an act of the court in granting the injunction.

The facts as shown by the testimony are that Gibson had made a contract with his son to drill the well at a stipulated price of $1.75 per foot, and that the son had moved the necessary machinery for the performance of the contract to the lands of Gibson and was at work getting the machinery ready for operation when the injunction was issued. The son and Gibson both testify that by reason of the delay the son was entitled to compensation in the amount of $1360.00, of which Gibson had theretofore paid $500.00. The evidence discloses that the items which the son contends constitutes his claim are $10.00 a day for himself and $15.00 per day for two employes, making a total of $25.00, and that his whole damage per day was $40.00, making a total amount of $1360.00 for thirty four days.

It appears to be a mooted question as to whether or not under such circumstances there is any legal liability whatever on the part of Gibson to pay his son any damage or any amount of money. The indemnity company, as noted, contends there was not and there is ample authority to support its claim. **Corpus Juris, Vol 13, p. 720.**

See, also, **Page on Contracts, Section 2702.**

In view of the conflicting authorities on this question we are not inclined to adopt either view under the facts as they appear in evidence. This evidence shows nothing but a simple contract between Gibson and his son whereby the son was to drill an oil well at a specified compensation of $1.75 per foot. No other terms or conditions in said contract are referred to in the evidence or set forth in the pleadings. While the courts may differ on the legal effect of an injunction on the rights of the parties under a contract, there can be no question that parties who claim to have been damaged by the operation of such injunction may recover in damages only such an amount as they may show they have a legal right to demand. The record is entirely silent on the actions of the son and his employes during the thirty four days in question. There is nothing to show that during that time all of the parties named were not occupied in other work or business equally as profitable to them as their work would have been under the contract with Gibson. There is no evidence to show that the son has paid his two employes $15.00 per day or any part thereof, or in-

tends to pay them that amount, and what is still more important is legally liable for that amount. The fact that Gibson paid his son $500.00 under his son's claim affords no basis for a like claim against the indemnity company in the absence of proof that Gibson under such contract with his son was legally liable for such an amount or, in other words, that the son had a vested legal right under the contract to that amount.

We have concluded that the verdict of the jury in excess of $200.00 is not supported by sufficient evidence and that we are justified only in affirming the judgment for that amount. If the defendant in error elects to accept $200.00 the judgment may be modified to.that extent and as so modified affirmed, otherwise it will be reversed and the case will be remanded to the Court of Common Pleas for further proceedings according to law.

Mauck and Thomas, JJ, concur.